**FILED**

**APR 1 4 2015**



CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH DAKOTA
## SOUTHERN DIVISION

| | |
|---|---|
| CARROL KOLLARS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CODY J. KOLLARS, DECEASED; AND COLLIN AND CARROL KOLLARS, | Civ. 15 - 4081 |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

Carrol Kollars as Personal Representative of the Estate of Cody J. Kollars, Deceased, and Collin and Carrol Kollars, for their causes of action against American Family Mutual Insurance Company ("American Family"), state and allege as follows:

### THE PARTIES

1.      Carrol Kollars is the duly appointed Personal Representative of the Estate of Cody J. Kollars, Deceased.

2.      Collin and Carrol Kollars are residents of Minnehaha County, South Dakota.

3.      American Family is an insurance company organized under the laws of a state other than South Dakota with its home office and principal place of business in a state other than South Dakota.

### JURISDICTION

4.      Jurisdiction is proper in this Court pursuant to 28 USC § 1332 in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.

1

## FACTS

5.     Collin and Carrol Kollars are the surviving parents of their son, Cody J. Kollars ("Cody").

6.     On February 22, 2014, Cody was killed in a single vehicle accident on Highway 46 West of Irene, South Dakota ("the accident"). Cody was a passenger in a vehicle operated by Brad Johnson ("Johnson") who also died as a result of the accident.

7.     Cody was without fault in the motor vehicle accident.

8.     As a proximate result of the motor vehicle accident, Collin and Carrol Kollars have suffered loss and damages due to the wrongful death of Cody.

9.     At the time of the accident, Johnson had in place an automobile liability policy with State Farm Mutual Automobile Insurance Company ("State Farm"). Carrol Kollars, as Personal Representative of the Estate of Cody J. Kollars, made a claim against Johnson and State Farm paid its $100,000 liability limits in exchange for a complete and full release of Johnson.

10.     At the time of the accident, Collin and Carrol Kollars were covered by a personal umbrella policy issued by American Family which carried an uninsured/underinsured motorist coverage endorsement with policy limits of $1,000,000. A copy of the American Family policy is attached as Exhibit A and incorporated herein by reference.

11.     Carrol Kollars, as Personal Representative of the Estate of Cody J. Kollars, gave American Family notice of their intent to accept State Farm's settlement offer in exchange for a complete and full release of Johnson. American Family declined to substitute its draft and, instead, consented to the settlement with State Farm and release of Johnson.

12.     The payment received from the State Farm policy was insufficient to compensate Collin and Carrol Kollars for the loss and damages they suffered as a result of the wrongful death of their son, Cody.

13.     Collin and Carrol Kollars thereafter sought recovery of underinsured motorists benefits ("UIM") from American Family.

14.     American Family constructively denied Collin and Carrol Kollars' UIM claim by offering a sum of money that was and remains unsupported by the evidence of damages submitted.

## COUNT 1 – BREACH OF CONTRACT

15.     Collin and Carrol Kollars reallege the facts set forth in the preceding paragraphs.

16.     American Family has breached its contract of insurance by failing to pay the UIM benefits to which Collin and Carrol Kollars have shown they are entitled.

## COUNT 2 – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

17.     Collin and Carrol Kollars reallege the facts set forth in the preceding paragraphs.

18.     American Family has breached its duty of good faith and fair dealing to Collin and Carrol Kollars in the following respects, among others:

a.     Failing to thoroughly investigate Collin and Carrol Kollar's claim;

b.     Failing to objectively investigate Collin and Carrol Kollar's claim;

c.     Failing to objectively evaluate Collin and Carroll Kollar's claim;

d.     Ignoring evidence which supports Collin and Carroll Kollar's claim;

e.     Failing to diligently search for and to consider evidence that supports Collin and Carrol Kollar's claims;

f.     Attempting to settle Collin and Carrol Kollar's claim for an unreasonably low amount;

g.    Failing to treat Collin and Carrol Kollar's interests with equal regard to its own interests; and

h.    Otherwise failing to fulfill its duty of good faith and fair dealing with Collin and Carrol Kollars.

19.    As a proximately result of American Family's breach of its duty of good faith and fair dealing, Collin and Carrol Kollars have suffered damages in an amount to be proven at trial, including but not limited to, the compensation they are entitled to receive under the UIM provision of their insurance policy with American Family.  Collin and Carrol Kollars have also suffered damages in the form of emotional distress, anxiety, frustration and worry as a result of American Family's breach of its duty of good faith and fair dealing.

20.    American Family's actions have been taken with wanton or reckless disregard of Collin and Carrol Kollars's rights, entitling them to punitive damages in an amount that will punish American Family for breaching their duty of good faith and fair dealing and that will act as an example and deter American Family and other insurance companies from similar conduct.

21.    American Family's actions have been vexatious or without reasonable cause, entitling Collin and Carrol Kollars to reasonable attorney fees.

WHEREFORE, Collin and Carrol Kollars respectfully request judgment against American Family as follows:

1.    For their special and general damages in an amount to be proven at trial;

2.    For punitive damages in an amount to be proven at trial;

3.    For attorney's fees pursuant to SDCL 58-12-3;

4.    For interest and costs of this action as provided by law; and

5.    For such other and further relief as the Court deems just and equitable.

Dated at Sioux Falls, South Dakota, this $\underline{14^{th}}$ day of April, 2015.

CADWELL SANFORD DEIBERT & GARRY LLP

By

William C. Garry
200 East 10th St., Suite 200
PO Box 2498
Sioux Falls SD 57101-2498
(605) 336-0828
bgarry@cadlaw.com
Attorneys for Plaintiffs

**PLAINTIFFS DEMAND TRIAL BY JURY**